**LATHAM & WATKINS LLP**
   Joshua G. Hamilton (Bar No. 199610)
     *joshua.hamilton@lw.com*
   Chandler S. Howell (Bar No. 325329)
     *chandler.howell@lw.com*
   Tatum P. Rosenfeld (Bar No. 341736)
     *tatum.rosenfeld@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone:  +1.424.653.5500
Facsimile:  +1.424.653.5501

Attorneys for Specially Appearing Defendant
City National Bank

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE VIVES, as the Permanent Receiver for the Estate of 1inMM Capital LLC and its affiliates and subsidiaries,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY NATIONAL BANK, an RBC Company,<br><br>           Defendant. | Case No. 2:24-cv-01317-CAS-PD<br><br>**SPECIALLY APPEARING DEFENDANT CITY NATIONAL BANK'S NOTICE OF MOTION AND MOTION TO COMPEL JUDICIAL REFERENCE UNDER CAL. CODE OF CIVIL PROCEDURE SECTION 638; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:    July 15, 2024<br>Hearing Time:   10:00 a.m.<br>Courtroom:       8C<br>Address:            350 W. First Street, 8th Fl. Los Angeles, CA 90012<br><br>Hon. Christina A. Snyder |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 15, 2024, at 10:00 a.m., in Courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Specially Appearing Defendant City National Bank ("CNB"), by and through its counsel of record, will and hereby does move this Court for an order: (1) referring all claims contained in or relating to Plaintiff Michele Vives' ("Receiver") complaint against CNB to judicial reference pursuant to California Code of Civil Procedure Section 638 *et seq.*; (2) awarding CNB its fees and costs, including reasonable attorneys' fees, for bringing this Motion; and (3) staying this proceeding pending the conclusion of the judicial reference proceeding (the "Motion").

In accordance with Local Rule 7-3, this Motion is made following a conference of counsel, which took place on March 4, 2024, in addition to several written exchanges on the matter between the parties' respective counsel. This Motion is made on the grounds that CNB and each of 1inMM Capital, LLC, 1inMM Productions, LLC, and One N Million Production, LLC—in whose shoes the Receiver stands, and by whose contracts the Receiver is bound—agreed in the Account Agreement and Disclosures, effective as of September 1, 2020 ("2020 Amendment"), that any party could ***require*** that any dispute between them relating to their banking relationship or the 2020 Amendment be submitted to general judicial reference, pursuant to California Code of Civil Procedure Sections 638, *et seq.*

On February 20, 2024, the Receiver violated this agreed-upon provision and rejected CNB's demand to stipulate to judicial reference, thus necessitating this Motion. This Motion also requests that the Court stay this proceeding pending conclusion of the reference proceeding. Finally, CNB seeks an award for the costs and expenses, including attorneys' fees, that the Receiver has forced CNB to incur in connection with this Motion, and to which CNB is entitled under the 2020

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1   Amendment.

2       This Motion is based on this Notice of Motion, the attached Memorandum of

3   Points and Authorities, the concurrently filed Declarations of Michael Mallon and

4   Joshua G. Hamilton and all exhibits thereto, all pleadings, papers, and records on

5   file, and such further written and oral argument as this Court may receive.

6

7   Dated: April 19, 2024                    Respectfully submitted,

8                                            **LATHAM & WATKINS LLP**

9                                            By  */s/ Joshua G. Hamilton*

10                                               Joshua G. Hamilton
                                                 *Attorneys for Specially Appearing*
11                                               *Defendant City National Bank*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................8

II.  RELEVANT BACKGROUND.......................................................................9

    A.  The 1inMM Related Clients Agree To Resolve Any Disputes With CNB Through ADR. .........................................9

    B.  The SEC Action Is Initiated And The Receiver Is Appointed.......................................................................11

    C.  Shortly After The Court Authorizes The Receiver To Retain Conflicts Counsel, The Receiver Serves CNB With The Subpoena..............................................................12

    D.  CNB Moves To Quash The Subpoena On The Basis That Any Discovery Must Be Propounded Through ADR.....................13

    E.  This Court Grants Review And Denies CNB's Motion To Quash On The Grounds That No Triggering Dispute Yet Exists.........................................................................13

    F.  The Receiver Breaches The 2020 Amendment's Provision Requiring Judicial Reference. .........................14

    G.  The Receiver Refuses CNB's Demand To Proceed In Judicial Reference, As Required By The 2020 Amendment..................................................................15

III.  ARGUMENT ...............................................................................................16

    A.  Federal Courts Regularly Enforce Judicial Reference Provisions Under California Law. ...............................16

    B.  The 2020 Amendment Requires That The Receiver's Claims Be Referred To Judicial Reference......................18

    C.  The Receiver Is Bound By The 2020 Amendment's Judicial Reference Provision And Is Estopped From Arguing Otherwise.........................................................20

    D.  The Receiver Cannot Establish That Judicial Efficiency Or The Risk of Inconsistent Rulings Warrants Denial Of The Motion..................................................................23

    E.  This Federal Court Proceeding Should Be Stayed Pending Completion of the Judicial Reference. ...............26

    F.  CNB Is Entitled To An Award of Costs And Expenses, Including Its Reasonable Attorneys' Fees. .......................27

IV.  CONCLUSION ............................................................................................28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Adams v. Inter-Con Sec. Sys., Inc.*,
  No. C 06-05428 MHP, 2007 WL 9810966 (N.D. Cal. Mar. 13,
  2007) ......................................................................................................... 17

*Allen v. Ramsay*,
  179 Cal. App. 2d 843 (1960) ........................................................................ 21

*Avina v. Cigna Healthplans of Cal.*,
  211 Cal. App. 3d 1 (1989) ........................................................................... 20

*Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*,
  2010 WL 5154136 (C.D. Cal. Aug. 12, 2010) ......................................... 17, 27

*Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*,
  673 F.3d 1267 (9th Cir. 2012) ..................................................................... 17

*Ben-Zvi v. Edmar Co.*,
  40 Cal. App. 4th 468 (1995) ........................................................................ 20

*Capitol Life Ins. Co. v. Gallagher*,
  47 F.3d 1178, 1995 WL 66602 (10th Cir. 1995) .......................................... 21

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009) ..................................................................................... 25

*Carr Bus. Enter., Inc. v. City of Chowchilla*,
  166 Cal. App. 4th 25 (2008) ........................................................................ 22

*Cnty. of Marin v. Deloitte Consulting LLP*,
  No. C 11-00381 SI, 2011 WL 3903222 (N.D. Cal. Sept. 6, 2011) ................ 17

*Day Mgmt. Corp. v. Mobex Commc'ns, Inc.*,
  2004 WL 906366 (D. Or. Apr. 28, 2004) ..................................................... 17

*E. & J. Gallo Winery v. Andina Licores S.A.*,
  446 F.3d 984 (9th Cir. 2006) ....................................................................... 17

*F.D.I.C. v. O'Melveny & Myers*,
  61 F.3d 17 (9th Cir. 1995) ........................................................................... 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

*Gill v. Blessing*,
2014 WL 12573667 (C.D. Cal. Oct. 6, 2014) .....................................................21

*Grafton Partners v. Superior Ct.*,
36 Cal. 4th 944 (2005).........................................................................................16

*Grigson v. Creative Artists Agency, LLC*,
210 F.3d 524 (5th Cir. 2000) ..............................................................................18

*JAE Properties, Inc. v. AMTAX Holdings 2001-XX, LLC*,
2024 WL 538570 (S.D. Cal. Feb. 9, 2024) .........................................................20

*Javitch v. First Union Secs. Inc.*,
315 F.3d 619 (6th Cir. 2003) ..............................................................................21

*Moran v. Svete*,
366 Fed. Appx. 624 (6th Cir. 2010) ....................................................................21

*Mosier v. HSBC Bank USA, N.A.*,
2010 WL 5422550 (C.D. Cal. Dec. 28, 2010) ....................................................22

*Mosier v. Stonefield Josephson, Inc.*,
815 F.3d 1161 (9th Cir. 2016) ............................................................................21

*O'Donoghue v. Superior Ct.*,
219 Cal. App. 4th 245 (2013)........................................................................17, 24

*Quarles v. Twentieth Century Fox Film Corp.*,
No. CV058843FMCFMOX, 2006 WL 8428235 (C.D. Cal. May 5,
2006)....................................................................................................................27

*S.B.A. v. Coqui Capital Mgmt., LLC*,
2008 WL 4735234 (S.D.N.Y. Oct. 7, 2008) .......................................................22

*Seaman v. Priv. Placement Cap. Notes II, LLC*,
2017 WL 1166336 (S.D. Cal. Mar. 29, 2017).....................................................22

*Securities and Exchange Comm'n v. Horwitz et ano.*,
No. 2:21-CV-0297-CAS-PD (C.D. Cal.) ..............................................................8

*Sharp v. Duff & Phelps, LLC*,
2021 WL 8154951 (C.D. Cal. Jan. 28, 2021).....................................................21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

*Tarrant Bell Prop., LLC v. Superior Ct.*,
    51 Cal. 4th 538 (2011)................................................................23, 24, 25

*Thomas v. Westlake*,
    204 Cal. App. 4th 605 (2012)................................................................20

*Toyer v. JP Morgan Chase Bank, N.A.*,
    2013 WL 146260 (C.D. Cal. Jan. 10, 2013)................................................25

*United States v. Horwitz*,
    No. 2:21-cr-00214-MCS (C.D. Cal.)................................................................26

*Wiand v. Schneiderman*,
    778 F.3d 917 (11th Cir. 2015)................................................................21

*Williams S. Gray & Co. v. W. Borax Co.*,
    99 F.2d 239 (9th Cir. 1938)................................................................18

*Winkler v. McCloskey*,
    83 F.4th 720 (9th Cir. 2023)................................................................9, 20, 21

*Woodside Homes of Cal., Inc. v. Superior Ct.*,
    107 Cal. App. 4th 723 (2003)................................................................17, 22, 26

*Yu v. Superior Ct.*,
    56 Cal. App. 5th 636 (2020)................................................................26

**STATUTES**

28 U.S.C. 1367(c)(3) ................................................................25

California Code of Civil Procedure
    § 638 ................................................................*passim*
    §§ 638, *et seq.*................................................................9
    §§ 644-45 ................................................................17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Court should compel this case to judicial reference, as required by the plain terms of the Account Agreement and Disclosures, effective September 1, 2020 ("2020 Agreement" or "2020 Amendment"[1]) between City National Bank ("CNB") and three of its clients—1inMM Capital, LLC, 1inMM Productions, LLC, and One N Million Production, LLC (collectively, the "1inMM Clients").[2]

Plaintiff Michele Vives ("Receiver"), solely in her capacity as Receiver for the 1inMM Clients, has asserted claims against CNB that all arise out of the banking services that CNB allegedly provided to the 1inMM Clients. She brought this case in federal court despite the fact that less than four months earlier, this Court determined in the SEC Action[3] that the 2020 Amendment "***controls***" whether a dispute between the 1inMM Clients and CNB should be resolved through judicial reference. (SEC Action ECF #296 at 11 (Oct. 30, 2023 Order) (emphasis added)) Although the Court ruled at that time that the 2020 Amendment's provision requiring judicial reference was not yet triggered—given the Court's determination that the case did not yet present a "dispute" as defined under the 2020 Amendment—the Court concluded that "[i]f and when the Receiver initiates a claim against CNB, that claim may be subject to judicial reference[.]" (*Id.* n.3) That time has indisputably come.

---

[1] In the SEC Action, the Court used the term "2020 Amendment" to refer to the Account Agreement and Disclosures, effective September 1, 2020. (SEC Action ECF #296 at 11) The Receiver has used both the terms "2020 Agreement" and "2020 Amendment" in her briefing to refer to the same binding agreement.

[2] CNB believes that the Receiver's claims are without merit and intends to vigorously defend against them. However, the proper forum for CNB to assert its legal and factual defenses is in judicial reference. The Court granted the parties' stipulation to extend all of CNB's deadlines to move to dismiss or otherwise respond to the Complaint until after this Motion is resolved. (ECF #15)

[3] "SEC Action" refers to the pending case *Securities and Exchange Comm'n v. Horwitz et ano.*, No. 2:21-CV-0297-CAS-PD (C.D. Cal.).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

Under recent and controlling precedent, the 2020 Amendment is enforceable against the Receiver who stands in the shoes of the 1inMM Clients. *See Winkler v. McCloskey*, 83 F.4th 720, 723 (9th Cir. 2023). The 2020 Amendment provides that in the event of any account-related dispute involving combined claims of at least $250,000 between CNB and the 1inMM Clients, either party may **require** judicial reference "in accordance with California Code of Civil Procedure, Sections 638, *et seq*." Only six months ago, in her effort to overturn the Magistrate Judge's order quashing her subpoena on CNB, the Receiver conceded that "[t]he 2020 Agreement is the applicable agreement for all of the Receivership Entities," but argued that its prerequisites for judicial reference (namely, a dispute involving the combined claims of all parties totaling $250,000 or more) did not yet exist. This lawsuit unequivocally satisfies all those conditions. Thus, the Court should grant this Motion.

CNB respectfully requests that the Court (1) grant the Motion and order the Receiver to proceed with judicial reference as set forth in the 2020 Amendment; (2) award CNB $25,000 for costs and expenses, including reasonable attorneys' fees, it incurred to compel the relief sought by this Motion, as required under the 2020 Amendment; and (3) stay this proceeding pending the completion of the reference proceedings.

## II.   RELEVANT BACKGROUND

### A.   The 1inMM Related Clients Agree To Resolve Any Disputes With CNB Through ADR.

Between August 2012 and December 2013, each of the 1inMM Clients opened business accounts at CNB. All of those accounts were opened and maintained at branches in California, where the 1inMM Clients were always based. (April 18, 2024 Declaration of Michael Mallon at ¶ 4.) Upon opening an account, each of the 1inMM Clients executed business account agreements acknowledging receipt of and an agreement to be bound by the terms of CNB's Account Agreement

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

and Disclosures, and further amendments or updates thereto ("Account Agreement"). (*Id.* at ¶¶ 45, Exs. AC.)

Specifically, on August 28, 2012, One N Million Productions, LLC opened a business account at CNB. Immediately above the signature of its sole managing member, One N Million Productions, LLC acknowledged receipt of the Account Agreement and agreed to be bound by its terms. (*Id.* Ex. A.) The Account Agreement then in effect mandated that all "disputes" with CNB "shall be resolved by final and binding arbitration." (*Id.* Ex. D at 75.)

Several weeks later, CNB updated its Account Agreement, effective as of October 1, 2012, and added the following provision entitled "*Alternative Dispute Resolution in California*":

> If your account is maintained at a branch in California and a dispute involving $50,000 or more (including all claims of all parties) arises between us with respect to the deposit account or safe deposit box, this Agreement, its enforcement or our deposit account services, either of us may **require** that it be resolved by judicial reference in accordance with California Code of Civil Procedure, Sections 638, *et seq*. . . . **The referee shall** hear all pre-trial and post-trial matters, including requests for equitable relief, prepare an award with written findings of fact and conclusions of law, and apportion costs as appropriate.

(*Id.* Ex. E at 130 (emphases added).)

On March 14, 2013 and December 13, 2013, respectively, 1inMM Productions, LLC and 1inMM Capital, LLC (the other two 1inMM Clients on whose behalf the Receiver has sued CNB) opened business accounts at CNB. As with One N Million Productions, LLC, 1inMM Productions, LLC and 1inMM Capital, LLC executed business account agreements certifying that they had received copies of the Account Agreement—which at that time was the above-mentioned Account Agreement, effective October 1, 2012—and similarly agreed that CNB "may amend or change" the terms of the Account Agreement "from time to time." (*Id.*, Exs. AC.) Over the past decade, CNB has occasionally made further updates to the Account

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

Agreement, including to its alternative dispute resolution ("ADR") provision, *e.g.*, changes to the monetary threshold for invoking judicial reference.

The 2020 Amendment, which was effective as of September 1, 2020, included some minor changes to the Account Agreement's "*Alternative Dispute Resolution in California*" provision:

> If your account is maintained at a branch in California and a dispute that involves the combined claims of all parties totaling $250,000 or more arises between us with respect to the deposit account or safe deposit box, this Agreement, its enforcement or our deposit account services, either of us may ***require*** that it be resolved by judicial reference in accordance with California Code of Civil Procedure, Sections 638, et seq. The referee shall be a retired judge, agreed upon by the parties or appointed by the court. The costs of the reference procedure, including the fee for the court reporter, shall be paid equally by all parties as the costs are incurred. ***The referee shall*** hear all pre-trial and post-trial matters, including requests for equitable relief, prepare an award with written findings of fact and conclusions of law, and apportion costs as appropriate. Judgment upon the award shall be entered in the court in which such proceeding was commenced and all parties shall have full rights of appeal.

(*Id.* Ex. F at 156 (emphases added))

Thus, from the time the 1inMM Clients first opened their accounts at CNB, through the present, they have always been contractually obligated to resolve any dispute, claim, or disagreement with CNB through binding ADR. And even though the monetary threshold for invoking judicial reference has changed over time, at no point have the 1inMM Clients *ever* had a right to have their claims against CNB adjudicated in federal court.

## B. The SEC Action Is Initiated And The Receiver Is Appointed.

On April 5, 2021, the Securities and Exchange Commission ("SEC") initiated the SEC Action, alleging that Zachary Horwitz and 1inMM Capital, LLC had operated a Ponzi scheme that violated various federal securities laws. (SEC Action ECF #1) The SEC's complaint alleged no wrongdoing of any kind by CNB.

On January 14, 2022, following a motion by the SEC, the Court appointed Michele Vives as Receiver over 1inMM Capital, LLC and its subsidiaries and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

affiliates ("Receivership Order").  (SEC Action ECF #70)  The Receivership Order granted the Receiver "full powers of an equity receiver" and charged her to, *inter alia*, "investigate and, where appropriate, to institute, pursue, and prosecute all claims . . . that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant 1inMM, and its subsidiaries and affiliates." (*Id.*)  The Receivership Order did not, however, purport to abrogate or override the 1inMM Clients' preexisting contracts or those contracts' dispute resolution provisions.  The Receiver has asserted that the 1inMM Clients are receivership entities subject to the Court's Receivership Order.  (ECF #1 (Compl.) at ¶¶ 1, 31-33)

**C.** **Shortly After The Court Authorizes The Receiver To Retain Conflicts Counsel, The Receiver Serves CNB With The Subpoena.**

On January 3, 2023, the Court granted the Receiver's motion to retain conflicts counsel and authorized the Receiver "to retain, employ and compensate Raines Feldman LLP . . . as her counsel only as to Conflict Matters."  (SEC Action ECF #166)  Upon the Receiver's instruction, Raines Feldman is authorized to "pursue a claim or cause of action in connection with a Conflict Matter."  (*Id.*)  Notably, the Court's order authorizing the Receiver to retain Raines Feldman expressly contemplates that the Receiver may pursue claims outside of federal court and authorizes the Receiver to do exactly that.  (*Id.* at ¶ 4(c) (Receiver may "direct[] Raines Feldman to make an informal demand, ***commence a civil action or arbitration, enter into voluntary alternative dispute resolution proceedings*** . . ." (emphasis added))

Less than one week after the Court authorized the Receiver to retain Raines Feldman, the Receiver contacted counsel for CNB, requested that CNB enter into a tolling agreement (which CNB declined), and thereafter served CNB with a sprawling subpoena ("Subpoena") containing 122 document requests (many with multiple subparts).

**D.**  **CNB Moves To Quash The Subpoena On The Basis That Any Discovery Must Be Propounded Through ADR.**

On March 15, 2023, CNB moved to quash the Subpoena ("Motion to Quash"). (SEC Action ECF #195)  CNB argued that the Subpoena must be quashed because the Receiver—who stands in the shoes of the 1inMM Clients—is bound by the 1inMM Clients' ADR agreements with CNB, and therefore, cannot propound discovery on CNB in federal court in support of a potential claim against CNB.  (*Id.*) The Receiver opposed the Motion to Quash.  (SEC Action ECF #202)

On August 11, 2023, the Magistrate Judge granted CNB's Motion to Quash, concluding that the 1inMM Clients "are bound by the mandatory ADR provisions that preclude them from litigating any disputes, controversies, or disagreements with CNB in federal court," and that the Receiver who "stands in [the 1inMM Clients'] shoes [] is equally bound by these arbitration agreements, which were in place prior to the Receiver's appointment, even though she did not sign them or manifest assent."  (SEC Action ECF #250 at 6–7)  The Magistrate Judge noted that her decision was supported by the "liberal and emphatic federal policy favoring alternative dispute resolution," and the fact that "[c]ourts frequently compel to arbitration claims brought by receivers who stand in the shoes of receivership entities that are bound by an agreement to arbitrate."  (*Id.* at 10-11)

**E.**  **This Court Grants Review And Denies CNB's Motion To Quash On The Grounds That No Triggering Dispute Yet Exists.**

On August 25, 2023, the Receiver moved for review of the Magistrate Judge's order quashing the Subpoena.  (SEC Action, ECF #251)  Significantly, the Receiver specifically ***conceded*** that the "***2020 Agreement is the applicable agreement for all of the Receivership Entities***," but nonetheless contended that its ADR provision was not triggered because there was not yet a "claim" or "dispute" with CNB.  (SEC Action ECF #275 at 5  (emphasis added); *see also id.* ECF #251-1 at 3 ("[T]he only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1   ADR applicable is judicial reference as set forth in the 2020 Amendment."); *id.* at

2   10-11 (similar))

3        On October 30, 2023, this Court granted review of the Magistrate Judge's

4   order and denied CNB's Motion to Quash.  Relying on the Receiver's concession

5   that the 2020 Amendment was the operative Account Agreement, this Court

6   concluded that "[i]t appears to the Court that the 2020 Amendment controls here."

7   (SEC Action ECF #296 at 11)  This Court nevertheless found that because the

8   Receiver had not asserted a formal claim against CNB at that point, there was not

9   yet "a 'dispute' as defined under the 2020 Amendment."  (*Id.*)  This Court noted,

10   however, that "[i]f and when the Receiver initiates a claim against CNB, that claim

11   may be subject to judicial reference . . . ."  (*Id.* n.3; *see also* April 19, 2019

12   Declaration of Joshua G. Hamilton Decl., Ex. A at 7:13-16 (The Court:  "It's really

13   that simple.  There are lots of fancy arguments that have been made, but at the end

14   of the day, that's really the core of my ruling which is we don't have a claim yet.");

15   *id.* at 7:6-12 (The Court: "I think that there's not a claim yet and because there's not

16   a claim, then I don't think the agreement comes into play at this point in time.  It

17   may at some future time when there's a claim . . ."))

18       **F.**    **The Receiver Breaches The 2020 Amendment's Provision**

19             **Requiring Judicial Reference.**

20        On February 16, 2024, the Receiver initiated the instant action by filing a 198-

21   page complaint ("Complaint") in federal court.  Belying the Receiver's numerous

22   representations—to both CNB and this Court—that the Subpoena's sole purpose was

23   to investigate *whether* a claim existed (*see, e.g.*, SEC Action ECF #275 at 10

24   (claiming the Subpoena was "investigating what CNB knew and when it knew it")),

25   the allegations in the Complaint rely predominantly on information that CNB

26   voluntarily provided to the Receiver well before the Subpoena was issued, including

27   thousands of pages of account information to which the Receiver claimed she was

28   entitled pursuant to the Court's Receivership Order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

The Receiver's Complaint asserts five causes of action against CNB, all of which arise exclusively out of the 1inMM Clients' CNB accounts and/or alleged banking services that CNB provided to the 1inMM Clients pursuant to the 2020 Amendment:

1) Aiding and abetting fraud by, *inter alia*, allegedly "providing banking services to Horwitz and the 1inMM [Clients] that were integral to the scheme and allowed Horwitz's wrongful conduct to continue." (Compl. ¶ 293; *id.* ¶ 247-310);

2) Aiding and abetting breach of fiduciary duty by, *inter alia*, purportedly "permitting Horwitz to run the Ponzi scheme through the CNB accounts, thereby enabling him to defraud the 1inMM [Clients] to which he owed duties." (*Id.* ¶ 326; *id.* ¶¶ 311-328)

3) Negligence by, *inter alia*, allegedly breaching CNB's "duty to safeguard the funds of 1inMM [Clients]." (*Id.* ¶ 331; *id.* ¶¶ 329-352)

4) Avoidance of fraudulent transfers for payments Horwitz purportedly made on a CNB-issued line of credit, using funds deposited in the 1inMM Clients' CNB accounts. (*Id.* ¶ 363; *id.* ¶¶ 353-397)

5) Avoidance of fraudulent transfers for alleged investments that were deposited in and paid out from the 1inMM Clients' CNB accounts. (*Id.* ¶ 402-04; *id.* ¶¶ 398-420)

The Complaint seeks damages in excess of $773 million, in addition to punitive damages, costs, and pre-judgment interest. (*Id.* at p. 153 (Prayer for Relief))

### G.    The Receiver Refuses CNB's Demand To Proceed In Judicial Reference, As Required By The 2020 Amendment.

Four days after receiving a courtesy copy of the Complaint and prior to effective service, CNB's counsel wrote to Raines Feldman and demanded, pursuant to the 2020 Amendment, that the Receiver resolve all claims relating to the Complaint's allegations through judicial reference.    (Hamilton Decl., Ex. B.)

15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

Despite repeatedly acknowledging to this Court that the "2020 Agreement is the applicable agreement for all of the Receivership Entities" (*Id.*,. Ex. A at 15:9-10 ("Your Honor, it is exactly right that the 2020 amendment applies[.]"); SEC Action ECF #275 at 5) Raines Feldman responded that same day to advise CNB that the Receiver would not stipulate to judicial reference, claiming "we disagree [the 2020 Amendment's ADR provision] is necessarily applicable to the Receiver even if triggered." (Hamilton Decl., Ex. C)

On March 4, 2024, counsel for CNB and the Receiver met and conferred regarding CNB's demand that the Receiver abide by the 2020 Amendment's requirement that her claims be resolved through judicial reference. (Hamilton Decl. at ¶ 5)  Raines Feldman reiterated that the Receiver would not consent to judicial reference. (*Id.*)  In light of the fact that CNB also intends to challenge the Receiver's meritless allegations at the pleading stage, CNB and the Receiver stipulated to stay CNB's deadline to move to dismiss or otherwise respond to the Complaint, until this Motion—and the appropriate forum for the parties' dispute—can be resolved. (ECF #14; ECF #15 (Order Granting Stip.))

## III.  ARGUMENT

### A.  Federal Courts Regularly Enforce Judicial Reference Provisions Under California Law.

Contractual pre-dispute jury trial waivers are fully enforceable in California when executed in accordance with a statutorily prescribed method for such a waiver. *Grafton Partners v. Superior Ct.*, 36 Cal. 4th 944, 956 (2005). In Section 638 of the California Code of Civil Procedure ("C.C.P"), the California Legislature authorized one such method, known as judicial reference:

> A referee may be appointed upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the

16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1    parties . . . [t]o hear and determine any or all of the issues in an
2    action or proceeding, whether of fact or of law, and to report a
3    statement of decision.

4   The referee's determination and report is then entered as the judgment of the court
5   and is appealable like any other judgment.  C.C.P. §§ 644-45.

6       California public policy strongly favors the enforcement of judicial reference
7   provisions.  *See O'Donoghue v. Superior Ct.*, 219 Cal. App. 4th 245, 263 (2013)
8   ("[J]ust as public policy favors arbitration, public policy should favor judicial
9   reference."); *Woodside Homes of Cal., Inc. v. Superior Ct.*, 107 Cal. App. 4th 723,
10  732–33 (2003) ("arbitration (and, by analogy, a general judicial reference) provides
11  economies both of time and expense").[4]  Significantly, "when the parties agree to
12  judicial reference, as opposed to arbitration, they retain nearly all of their procedural
13  and constitutional rights." *Adams v. Inter-Con Sec. Sys., Inc.*, No. C 06-05428 MHP,
14  2007 WL 9810966, at *4 n.5 (N.D. Cal. Mar. 13, 2007) (citation omitted).  "Thus,
15  judicial reference does not present the same danger [of] . . . loss of a trial with full
16  procedural and constitutional rights—that exists with respect to arbitration." *Id.*

17      While California state law provides the procedures governing judicial
18  reference, federal courts regularly enforce agreements to resolve disputes under
19  C.C.P. Section 638.  *See Bagdasarian Prods., LLC v. Twentieth Century Fox Film*
20  *Corp.*, 673 F.3d 1267, 1273 (9th Cir. 2012) (noting that arbitration and Section 638
21  reference are "both . . . forms of alternative dispute resolution designed to move
22  disputes out of court and lower the cost of trial proceedings"); *see also Day Mgmt.*
23  *Corp. v. Mobex Commc'ns, Inc.*, 2004 WL 906366, at *3 (D. Or. Apr. 28, 2004)

24
25  [4] *Cf. E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006)
    ("[T]he Supreme Court has established a strong policy in favor of the enforcement
    of forum selection clauses."); *Cnty. of Marin v. Deloitte Consulting LLP*, No. C 11-
26  00381 SI, 2011 WL 3903222, at *3 (N.D. Cal. Sept. 6, 2011) (treating a Section 638
    reference provision "as a forum selection clause" and referring dispute to judicial
27  reference); *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 2010
    WL 5154136, at *4 (C.D. Cal. Aug. 12, 2010) (applying federal policy in favor of
28  forum selection clauses to Section 638 reference provision).

17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

(confirming judicial reference provision would have been enforced if the defendants had timely moved to compel); *Williams S. Gray & Co. v. W. Borax Co.*, 99 F.2d 239, 240, 244 (9th Cir. 1938) (affirming judgment entered after matter was referred to judicial reference); *see also Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 526-27, 530-31 (5th Cir. 2000) (enforcing Section 638 reference as "the equivalent of arbitration").

### B.   The 2020 Amendment Requires That The Receiver's Claims Be Referred To Judicial Reference.

For accounts—like the 1inMM Clients' business accounts—that were maintained in California, the 2020 Amendment relevantly provides:

> If . . . a dispute that involves the combined claims of all parties totaling $250,000 or more arises between us with respect to the deposit account or safe deposit box, this Agreement, its enforcement or our deposit account services, either of us may require that it be resolved by judicial reference in accordance with California Code of Civil Procedure, Sections 638, et seq.

(Mallon Decl., Ex. F at 156)

The Receiver previously conceded that this provision "***require[s]*** a judicial reference process" if the following three conditions are present: "(1) a dispute, (2) regarding a claim, and (3) involving [at least] $250,000." (SEC Action ECF #275) at 2 (emphasis added)) Therefore, the Receiver agreed that if she ever sued CNB for $250,000 or more, the claims in such a lawsuit ***would have to be*** resolved by judicial reference. The Receiver has now done exactly that, yet she is still attempting to evade the consequence that she herself conceded would be necessary. First, there is plainly a dispute between CNB and the 1inMM Clients, as evidenced by the Receiver's lawsuit on behalf of those same 1inMM Clients. (*See* SEC Action ECF #275 at 21-22 (arguing that filing a lawsuit constitutes a "dispute")) Second, the Complaint asserts five separate "claims for relief" against CNB. (*See* Compl. ¶¶ 247-420) Third, those claims are for significantly more than $250,000. (*See, e.g.*,

18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

*id.* at p. 153 (requesting "judgment against CNB in the amount of $710,489,295.50"))

Furthermore, each of the five claims the Receiver has asserted on the 1inMM Clients' behalf indisputably arises out of the 1inMM Clients' accounts, the Account Agreement, and/or CNB's services with respect to those accounts. Indeed, the sole relationship between CNB and the 1inMM Clients was that of a bank and its clients. And each of the 1inMM Clients expressly agreed that the Account Agreement, as amended from time to time, contains "the terms, conditions and fees governing the account(s), products and services . . . contracted for." (Mallon Decl., Exs. AC; *id.*, Ex. F at 141 ("This Account Agreement . . . constitute[s] the terms and conditions that govern the deposit products and many of the banking services we make available to you . . ."))

The Complaint's first claim for aiding and abetting Horwitz's fraudulent activity alleges that "CNB substantially assisted Horwitz's wrongful conduct by *providing banking services to [the 1inMM Clients]* that were integral to the scheme and allowed Horwitz's wrongful conduct to continue." (Compl. at ¶ 293 (emphasis added)) The Receiver's second claim for aiding and abetting Horwitz's breaches of his alleged fiduciary duties to the 1inMM Clients is premised on the allegation that "CNB knowingly and substantially assisted Horwitz's breaches . . . by permitting Horwitz to run the Ponzi scheme *through the CNB accounts*." (*Id.* at ¶ 326 (emphasis added)) The Receiver's third claim for negligence alleges that "CNB owed a duty to safeguard" the 1inMM Clients' funds, and that it breached that duty by, *inter alia*, "frequently causing the 1inMM Entities' accounts to be in overdraft positions or to hold insufficient funds to satisfy wire instructions." (Compl. ¶¶ 330-31, 348) The Complaint's last two causes of action seek to avoid the alleged fraudulent transfers of funds into and out of the 1inMM Clients' deposit accounts. (Compl. ¶¶ 353-420). Thus, any purported "banking services" CNB provided, any duties CNB may have owed to the 1inMM Clients, and any transfers of funds that

19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

CNB allegedly facilitated in or out of the 1inMM Clients' accounts all necessarily arose out of the 1inMM Clients' accounts, the Account Agreement (including the 2020 Amendment thereto), and/or CNB's account services—no other relationship between CNB and the 1inMM Clients has ever existed.

CNB is now seeking simply to exercise its unequivocal right agreed to in the 2020 Amendment to "require" that the 1inMM Clients' claims—asserted vicariously through the Receiver—"be resolved by judicial reference." *See JAE Properties, Inc. v. AMTAX Holdings 2001-XX, LLC*, No. 319CV02075JAHDDL, 2024 WL 538570, at *11 (S.D. Cal. Feb. 9, 2024) ("Fundamentally, the purpose of the law of contracts 'is to protect the reasonable expectations of the parties.'" (quoting *Ben-Zvi v. Edmar Co.*, 40 Cal. App. 4th 468, 475 (1995))). Hornbook contract law bars the Receiver from pursuing claims on the 1inMM Clients' behalf based on alleged transactions that only occurred (if at all) because of the 2020 Amendment, while simultaneously seeking to avoid the 1inMM Clients' obligations under that same contract. *See Thomas v. Westlake*, 204 Cal. App. 4th 605, 615 (2012) ("To allow respondent to assert rights and benefits under the contract and then later repudiate it merely to avoid arbitration would be entirely inequitable." (quoting *Avina v. Cigna Healthplans of Cal.*, 211 Cal. App. 3d 1, 3 (1989)). The 2020 Amendment and fundamental notions of fairness accordingly require that the Complaint—and each of the five claims asserted therein—be referred to judicial reference.

## C.   The Receiver Is Bound By The 2020 Amendment's Judicial Reference Provision And Is Estopped From Arguing Otherwise.

The Receiver's assertion of the claims in the Complaint "for the benefit and on behalf of the [1inMM Clients]" does not change the conclusion that the claims are subject to judicial reference. (Compl. ¶ 32) Indeed, it compels that conclusion.

A "receiver occupies no better position than that which was occupied by the person or party for whom [s]he acts . . . and any defense good against the original party is good against the receiver." *Winkler*, 83 F.4th at 728 (quoting *F.D.I.C. v.*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1    *O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995)); *Allen v. Ramsay*, 179 Cal. App.

2    2d 843, 854 (1960) ("[A]ny defense good against the original party is good against

3    the receiver.").  Accordingly, a receiver "has capacity to bring only such actions as

4    could have been brought by the entity or individual whose property is in a

5    receivership, and thus may sue only to redress injuries to the entity in [the]

6    receivership." *Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1166 (9th Cir.

7    2016) (quoting district court in SEC case involving Ponzi scheme); *Gill v. Blessing*,

8    2014 WL 12573667, at *3 (C.D. Cal. Oct. 6, 2014) (SEC receiver appointed in Ponzi

9    scheme "stands in the shoes of those entities, not other creditors, to pursue these

10   claims").

11       In *Winkler*, an SEC receiver claimed he was not subject to a receivership

12   entity's agreement to arbitrate the fraudulent transfer claims that he brought against

13   "net winners" of a Ponzi scheme because he was purportedly "acting on behalf of

14   the entity's creditors," who were not parties to the arbitration agreement.  The Ninth

15   Circuit rejected this argument and reaffirmed that court-appointed receivers act

16   exclusively "on behalf of the receivership entities, not the other defrauded creditors."

17   *Winkler*, 83 F.4th at 729 (remanding to district court to determine "arbitrability

18   issues," including whether receiver's claims arose out of the parties' agreement).

19       The *Winkler* court thus joined its sister circuits and a host of district courts by

20   affirming that "a receiver acts on behalf of the receivership entity and ***thus can be***

21   ***bound by an agreement signed by that entity***."[5]   *Id.* at 723 (emphasis added).

22   _____

23   [5] *See also Javitch v. First Union Secs. Inc.*, 315 F.3d 619, 627 (6th Cir. 2003)
     (holding that receiver "is bound to the arbitration agreements to the same extent that

24   the receivership entities would have been absent the appointment of the receiver");
     *Capitol Life Ins. Co. v. Gallagher*, 47 F.3d 1178, 1995 WL 66602, at *2 (10th Cir.

25   1995) ("It is further undisputed that [receiver] may be compelled to arbitrate because
     a receiver 'stands in the shoes' of the [receivership entity]."); *Wiand v.*

26   *Schneiderman*, 778 F.3d 917, 924 (11th Cir. 2015) (holding district court did not err
     in sending receiver's "clawback action" to arbitration and that "there is no inherent

27   conflict between arbitration and the underlying purpose of court-appointed receivers
     pursuing clawback claims"); *Moran v. Svete*, 366 Fed. Appx. 624, 630 (6th Cir.

28   2010) (Receiver is "bound to arbitrate to the same extent that party would have been
     absent the appointment of a receiver"); *Sharp v. Duff & Phelps, LLC*, 2021 WL

LATHAM&WATKINS ᴸᴸᴾ
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

Contracts requiring judicial reference are no different.  *See Carr Bus. Enter., Inc. v. City of Chowchilla*, 166 Cal. App. 4th 25, 28 (2008) ("A judicially ordered reference to alternative dispute resolution pursuant to section 638 is a matter of contract between the parties."); *Woodside Homes of Cal., Inc.*, 107 Cal. App. 4th at 727 (2003) ("[W]e recognize that a binding judicial reference is substantially similar to nonjudicial arbitration, and a similar approach is therefore justified in evaluating the enforceability of the provisions.").  There is no dispute that the 1inMM Clients executed the Account Agreement, or that the 2020 Amendment is a valid, enforceable contract.  The Receiver who stands in the shoes of the 1inMM Clients is thus subject to the terms of the 2020 Amendment to the same extent that the 1inMM Clients would be if they were the named plaintiffs in this action.

Moreover, the Receiver should be estopped from arguing that she is not bound by the 2020 Amendment, as that issue was fully litigated and resolved in the recent briefing and ruling on CNB's Motion to Quash.  Indeed, when confronted by the blackletter law set forth above—and after unsuccessfully arguing before the Magistrate Judge that she was not bound by *any* agreement with CNB—the Receiver repeatedly conceded before this Court that the 2020 Amendment applied to all receivership entities:

- "Your Honor, it is exactly right that the 2020 amendment applies[.]"  (Hamilton Decl., Ex. A at 15:10)

---

8154951, at *1 (C.D. Cal. Jan. 28, 2021) ("There is also no dispute that Sharp, as receiver, stands in the shoes of [the receivership entity] and is bound to the terms of the contract as [the receivership entity] would have been."); *Seaman v. Priv. Placement Cap. Notes II, LLC*, 2017 WL 1166336, at *4, *7 (S.D. Cal. Mar. 29, 2017) (granting motion to compel SEC receiver to arbitrate fraudulent transfer claim based on receivership entity's agreement to arbitrate); *S.B.A. v. Coqui Capital Mgmt., LLC*, 2008 WL 4735234, at *2 (S.D.N.Y. Oct. 7, 2008) ("[A] receiver's ability to litigate claims in federal court is limited by any valid agreement, previously executed by the receivership entity, that mandates arbitration."); *Mosier v. HSBC Bank USA, N.A.*, 2010 WL 5422550, at *4 (C.D. Cal. Dec. 28, 2010) (holding that "because the receivership entities in this case would be bound by the terms" of a forum selection clause, "the Receiver is likewise bound").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

- "I think that the Court's tentative ruling that the 2020 agreement is the one [that] applies . . . got it exactly right." (*Id.* at 18:22-19:1)
- "[T]he only ADR applicable is judicial reference as set forth in the 2020 Amendment." (SEC Action ECF #251-1 at 3; *id.* at 10-11 (same))
- "The 2020 Amendment is the Only Agreement that Applies." (Reply i/s/o Mot. for Review (SEC Action ECF #275 at 1)
- "The 2020 Agreement is the applicable agreement for all of the Receivership Entities . . ." (*Id.* at 5)
- "The 2020 Amendment *require[s]* a judicial reference process only [if there is a dispute regarding a claim involving $250,000 or more]" (*Id.* at 2 (emphasis added))

Relying on these representations, the Court ruled that "[i]t appears to the Court that the 2020 Amendment controls here." (SEC Action ECF #296 at 11)

In sum: controlling precedent, this Court's prior ruling on CNB's Motion to Quash, and the Receiver's prior admissions all compel the conclusion that the Receiver is fully bound by the 1inMM Clients' agreement in the 2020 Amendment to resolve their disputes with CNB through judicial reference.

### D.   The Receiver Cannot Establish That Judicial Efficiency Or The Risk of Inconsistent Rulings Warrants Denial Of The Motion.

From the parties' conference in advance of filing this Motion, CNB expects that the Receiver will rely improperly on *Tarrant Bell Prop., LLC v. Superior Ct.*, 51 Cal. 4th 538 (2011) in an attempt to evade the 2020 Amendment's judicial reference provision. That case is inapposite and should not sway the Court's analysis. *Tarrant Bell* involved 120 mobile home owners or lessees suing the mobile home park owners for failing to maintain the park's common areas. *Id* at 540. The park owners moved to compel approximately 100 of those plaintiffs—specifically, the plaintiffs who had agreed to resolve any disputes through judicial reference—to judicial reference. But even if the park owners' motion had been granted,

23

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

approximately twenty of the plaintiffs still would have proceeded in court.  The trial court denied the motion, concluding:

> [I]n this case the purposes of section 638 would not be promoted by a general Reference of some claims and not others. [¶] Ordering two groups of real parties in interest to try their cases in separate but parallel proceedings would not reduce the burdens on this court or the parties, result in any cost savings, streamline the proceedings, or achieve efficiencies of any kind.  The parties would be required to conduct the same discovery, litigate[,] and ultimately try the same issues in separate but parallel forums.  A general reference would thus result in a duplication of effort, increased costs, and potentially, delays in resolution.  Moreover, it would not reduce any burden on this Court, which would almost certainly have to hear, and decide, all of the same issues.

*Id.* at 544.  "Given these circumstances," the California Supreme Court held that "the trial court acted well within its discretion in basing its refusal to appoint a referee on the risk of inconsistent rulings and considerations of judicial economy."  *Id.* at 545.

As post-*Tarrant Bell* cases have elucidated, the mere fact that claims involve the same or similar facts—or even a risk of inconsistent rulings—can be insufficient to warrant denial of judicial reference, given the substantial "economies of both time and expense" associated with judicial reference.  *See O'Donoghue*, 219 Cal. App. 4th at 263, 266, 268-69 (2013) (no abuse of discretion in compelling claims to reference, even where claims remaining in court were "based on identical facts" and "could create a risk of inconsistent rulings").  The reason for this is simple:  "[J]ust as public policy favors arbitration, public policy should favor judicial reference."  *Id.* at 263.

This case is not remotely like *Tarrant Bell* or any other case in which a court has refused to enforce an otherwise valid judicial reference provision out of concerns for judicial economy and/or inconsistent rulings.  Here, there is (1) no parallel proceeding or any other action between CNB and any of the receivership entities; (2) no case in which the Receiver's claims against CNB could be consolidated to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

streamline the proceeding or achieve efficiencies of any kind; (3) no risk of inconsistent legal rulings in another forum; and (4) no potential for another fact finder, in a different action, to determine the allegations against CNB differently.

Here, the Receiver is suing a California-based bank, on behalf of California companies, alleging claims that are governed exclusively by California law. As a result, the Court has discretion whether to exercise supplemental jurisdiction over this action on the basis that it is "ancillary" to the SEC Action.[6]  The Court, respectfully, should not override the agreed-upon forum selection and exercise its discretion to resolve what is fundamentally a state law dispute.  Furthermore, the claims upon which the Receiver is relying to invoke this Court's supplemental jurisdiction have effectively already been resolved.  (*See* SEC Action ECF #323 (Feb. 14, 2024 Final Judgment))  *See Toyer v. JP Morgan Chase Bank, N.A.*, No. CV12-4929-CASPJWX, 2013 WL 146260, at *3 (C.D. Cal. Jan. 10, 2013) ("Because the Court has 'dismissed all claims over which it has original jurisdiction,' 28 U.S.C. 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims.  This decision is 'purely discretionary.'" (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009))).  Judicial economy would thus be better served if CNB's forthcoming legal and factual challenges to the Complaint are adjudicated by a single referee who is experienced and familiar with these nuanced issues of state law.  *See Tarrant Bell*, 51 Cal. 4th at 545 (noting Section 638 was "an attempt to lessen judicial delays that were at the time a serious problem" (citation omitted)).

Last, the SEC Action—or whatever remains of it following the Court's entry of judgment against Horwitz—will not create any "risk of inconsistent rulings" that warrants setting aside the parties' expressed intention to allow a party to "***require***"

---

[6] The Receiver has not asserted (nor could she assert) diversity jurisdiction as the basis for this Court's power to resolve her claims, all of which are between California companies only and arise solely out of state law.  (ECF #1 (Compl.) ¶ 26)

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

the other to submit to judicial reference. CNB's liability is not in any way at issue in the SEC Action. And to the extent there is any factual overlap between the claims at issue in the SEC Action and those that the Receiver brought against CNB, *e.g.*, whether Horwitz committed fraud, those issues were fully and finally resolved in both the SEC Action and the criminal action where Horwitz pled guilty. (*See* SEC Action ECF #323 (Final Judgment); Feb. 16, 2022 Judgment and Probation/Commitment Order, *United States v. Horwitz*, No. 2:21-cr-00214-MCS (C.D. Cal.)) Put differently, once this case is referred to judicial reference, there is no risk that this Court will make any further rulings in the SEC Action that will affect the claims against CNB, nor will there be any opportunity for the judicial referee to rule in a manner that is inconsistent with the final judgment that this Court already entered against Horwitz. And "once the referee's statement of decision is filed, it becomes the decision of the court . . . in the same manner as if the action had been tried by the court." *Yu v. Superior Ct.*, 56 Cal. App. 5th 636, 646–47 (2020) (entry of judgment upon referee's decision is "a ministerial act").

In short, the Receiver's anticipated request that the Court apply the narrow exception recognized in *Tarrant Bell* for denying a valid reference provision should be rejected. Far from "the risk of inconsistent rulings and considerations of judicial economy" that justified the denial of the motion to compel judicial reference there, granting CNB's motion here would only promote judicial efficiency and conserve judicial resources. *See Woodside Homes of Cal., Inc.*, 107 Cal. App. 4th at 734 (granting writ of mandate to compel judicial reference and observing that "based on the public policy favoring alternative dispute resolution . . we should assume that such economies exist unless proven otherwise").

E.    **This Federal Court Proceeding Should Be Stayed Pending Completion of the Judicial Reference.**

CNB respectfully requests that the Court stay the Receiver's Complaint in its entirety, which is fully consistent with both the law and the plain language of the

26

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1   2020 Amendment.  *See Bagdasarian Prods., LLC*, 2010 WL 5154136, at *5 ("The

2   Court stays this action in its entirety pending the completion of the reference

3   proceedings.");  *Quarles  v.  Twentieth  Century  Fox  Film  Corp*.,  No.

4   CV058843FMCFMOX, 2006 WL 8428235, at *4 (C.D. Cal. May 5, 2006) ("The

5   Court stays this action in its entirety pending the completion of the reference

6   proceedings . . . .").  (Mallon Decl., Ex. F at 156 ("Judgment upon the award shall

7   be entered in the court in which such proceeding was commenced and all parties

8   shall have full rights of appeal.")

9        Staying this case will enforce CNB's contractual right to have the Receiver's

10   claims resolved through judicial reference.  It will also further California's strong

11   public policy favoring judicial reference, conserve scarce judicial resources, and

12   avoid the risk of conflicting orders.

13   **F.   CNB Is Entitled To An Award of Costs And Expenses, Including
14        Its Reasonable Attorneys' Fees.**

15        The 2020 Amendment additionally provides that:  "Any party that shall fail to

16   submit to alternative dispute resolution following a proper demand to do so shall

17   bear all costs and expenses, including reasonable attorneys' fees incurred to compel

18   alternative dispute resolution."  (Mallon Decl., Ex. F at 157)

19        Notwithstanding CNB's multiple demands upon the Receiver to consent to

20   the appointment of a referee and proceed in judicial reference—as she is

21   contractually bound to do—the Receiver has wrongfully refused to submit to judicial

22   reference.  CNB has been forced to file this Motion to enforce the plain written terms

23   of its contract with the 1inMM Clients.  The 2020 Amendment accordingly entitles

24   CNB to be reimbursed for all costs and expenses, including reasonable attorneys'

25   fees, incurred to compel the Receiver to comply with the 2020 Amendment.  CNB

26   has incurred legal fees in connection with this Motion exceeding $50,000 and

27   expects to incur additional legal fees litigating the Motion.  (Hamilton Decl. ¶ 6)

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1    However, at this time CNB seeks only an award of $25,000 to compensate it for

2    enforcing its rights under the 2020 Amendment.  (*Id.*)

3    **IV.      CONCLUSION**

4              For the foregoing reasons, CNB respectfully requests that the Court:  (1) grant

5    this Motion and order the Receiver to proceed with judicial reference; (2) award

6    CNB $25,000 for costs and expenses, including reasonable attorneys' fees, incurred

7    to compel the relief sought by this Motion; and (3) stay this proceeding pending

8    resolution of the parties' dispute by a referee.

9

10   Dated:  April 19, 2024                        Respectfully submitted,

11                                                 **LATHAM & WATKINS LLP**

12                                                 By   */s/ Joshua G. Hamilton*

13                                                        Joshua G. Hamilton
                                                         *Attorneys for Specially Appearing*
14                                                       *Defendant City National Bank*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE

1

## CERTIFICATE OF COMPLIANCE

2      The undersigned, counsel of record for Specially Appearing Defendant City

3 National Bank, certifies that this brief contains 6,963 words, which complies with

4 the word limit of L.R. 11-6.1.  In making this calculation, I have relied on the word

5 count of the word-processing system used to prepare the document.

6

7 Dated: April 19, 2024          By:  */s/ Joshua G. Hamilton*

                            Joshua G. Hamilton

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:24-CV-01317-CAS-PD
DEFENDANT CITY NATIONAL BANK'S
MOTION TO COMPEL JUDICIAL REFERENCE