UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   JS-5

| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
|---|---|---|---|
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - RECEIVER MICHELE VIVES'S MOTION FOR RECONSIDERATION (Dkt. 127, filed on October 22, 2025)

## I.   INTRODUCTION AND BACKGROUND

The factual allegations of this case are well-known to the parties and set forth in the Court's July 25, 2024 order. Dkt. 30. The Court briefly recites the relevant procedural history below.

On February 16, 2024, Michele Vives, the Court-appointed permanent receiver (the "Receiver") for the estate of 1inMM Capital, LLC ("1inMM Capital"), 1inMM Productions, LLC ("1inMM Productions"), and One N Million Productions, LLC ("One N Million Productions") (collectively, the "1inMM Entities") filed this action against City National Bank ("CNB"). Dkt. 1 ("Compl.").

On April 19, 2024, CNB filed a motion to compel judicial reference. Dkt. 16. On May 13, 2024, the Receiver filed her opposition to CNB's motion. Dkt. 22. On June 3, 2024, CNB filed a reply in support of its motion. Dkt. 25. On July 22, 2024, the Court held a hearing on the motion to compel judicial reference. Dkt. 28. On July 25, 2024, the Court granted CNB's motion to compel judicial reference pursuant to a provision of the Account Agreement between CNB and the 1inMM Entities, and the Court ordered a stay of the action, pending decision of the dispute by a referee. Dkt. 30.

On October 30, 2024, the Court granted the parties' joint stipulation for an order appointing Hon. Ann I. Jones, Judge of the Superior Court (ret.), (the "Referee"), "as an all-purpose judicial referee, pursuant to Cal. Code Civ. Proc. § 638 *et seq.* to: (a) hear and determine all issues in this matter; and (b) prepare a statement of decision that will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-5

| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
|---|---|---|---|
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

filed with this Court, consistent with California Code of Civil Procedure §§ 644-45." Dkt. 33 at 1-2.

On January 1, 2025, the Receiver filed her First Amended Complaint ("FAC"). Dkt. 48. On April 7, 2025, CNB filed a motion to dismiss the FAC, seeking dismissal of each of the Receiver's four claims for relief. Dkt. 79. On May 5, the Receiver filed an opposition to the motion to dismiss the FAC. Dkt. 92. On June 6, CNB filed a reply in support of the motion to dismiss the FAC. Dkt. 105. Following a hearing on the motion, the Referee issued a 29-page statement of decision on July 1, 2025, dismissing with prejudice each cause of action and claim for relief asserted in the FAC. Dkt. 108.

On July 8, 2025, CNB filed a Notice of Lodging of Proposed Final Judgment, asking the Court to enter judgment on the Referee's statement of decision. Dkt. 111. On the same day, the Receiver filed a notice of objection to the entry of judgment proposed by CNB. Dkt. 112. On July 9, 2025, CNB filed a response to the notice of objection. Dkt. 113.

On July 9, 2025, the Receiver filed a motion for the Court to review the Referee's decision. Dkt. 114-1. CNB opposed this motion. Dkt. 116. On September 29, 2025, the Court held a hearing and denied the Receiver's motion for review of the Referee's decision. Dkt. 121.

On October 6, 2025, CNB lodged a proposed final judgment. Dkt. 122. On October 8, 2025, the Receiver lodged an alternative proposed judgment. Dkt. 123. On October 9, 2025, the Court issued a final judgment pursuant to the Referee's statement of decision. Dkt. 126.

On October 22, 2025, the Receiver filed the instant motion for reconsideration. Dkt. 127 ("Mot."). On December 5, 2025, CNB filed an opposition. Dkt. 130 ("Opp."). On January 7, 2026, the Receiver filed a reply. Dkt. 131 ("Reply"). On January 26, 2026, the Court provided a tentative order and held a hearing. At the hearing, the Court stated that the matter is hereby taken under submission and a ruling would issue in fourteen days. Dkt. 134.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-5

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

## II.     LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law.  However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs." Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.  "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for failure to comply with L.R. 7-18).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    JS-5

| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
|---|---|---|---|
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

### III.    DISCUSSION

The Receiver argues that the Referee's decision, upon which the Court's judgment is based, contains fundamental errors of law that require reconsideration and correction. Mot. at 1. The Receiver argues that *de novo* review of the judgment is appropriate. Id. at 2. The Receiver argues that, if the judgment is vacated, re-referral to the Referee is improper because there is no federal procedural authority for judicial reference, and judicial reference would be unreasonable as against public policy. Id. at 23-25. In the alternative, the Receiver argues that the Court's judgment should be amended to reflect the Receiver's opposition both to the judicial reference and to entry of judgment or to remove all such procedural language. Id. at 25.

In opposition, CNB argues that the Referee, not the Court, must hear the Receiver's motion because the Account Agreement and the Court's order appointing the Referee both require the Receiver to bring post-trial motions before the Referee. Opp. at 9-11. CNB argues that Ninth Circuit authority supports enforcing judicial reference provisions and confirms that the determination of whether post-judgment motions should be heard by the referee or the court is based on the parties' reference agreement. Id. at 11 (citing Bagdasarian Productions v. Twentieth Century Fox Film Corp., 673 F.3d 1267, 1271 (9th Cir. 2012)). Alternatively, CNB argues that the standard for review on a motion for reconsideration is not *de novo*. Opp. at 13. CNB argues that the Receiver's motion for reconsideration fails under Local Rule 7-18 because it simply repeats arguments that the Receiver made to the Referee through extensive briefing and oral argument. Id. at 14. CNB argues that Local Rule 7-18 is coextensive with Rule 60(b) motions. Id. at 15. CNB argues that the Referee made no legal errors. Id. at 16-25. CNB also argues that there is no basis for the Court to amend its judgment because the judgment is accurate and consistent with the federal rules. Id. at 27.

In reply, the Receiver argues that *de novo* review by this Court is required by the Constitution and due process. Reply at 2. The Receiver argues that Court cannot abdicate its constitutional duty to exercise an independent review of the judgment. Id. The Receiver also argues that the Court's order appointing the Referee supersedes the Account Agreement, and that the Court's appointment order does not authorize the Referee to determine Rule 60 motions. Id. at 3. The Receiver argues that procedural local rules, like Local Rule 7-18, do not supplant substantive rights under Rule 60(b). Id. at 6. The Receiver distinguishes the cases that CNB cited in support of its position that a Rule 60(b) motion should be denied on the basis of Local Rule 7-18 by arguing that none

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   JS-5

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

of those decisions involved issues relating to the constitutionality of delegating judicial power or substantive reconsideration. Id. at 7. The Receiver argues that Local Rule 7-18 cannot limit or preclude relief expressly authorized by Rule 60(b), and that the Receiver's motion satisfies Local Rule 7-18 anyway because the Referee's order failed to consider numerous material allegations and made numerous legal errors. Id. The Receiver reiterates that the terms of the Court's appointment order have been fully satisfied, and the Referee's service has concluded. Id. at 8. The Receiver argues that there is no federal rule or authority supporting any further judicial reference, and that further reference would be both unconstitutional and procedurally improper. Id. at 8. Finally, the Receiver argues that her alternative request for judgment to be amended should be granted because the judgment mischaracterizes the Receiver's position and the procedural history. Id. at 24.

The Court need not discuss or consider the substantive arguments that either party makes with respect to the Referee's decision because the Court finds that the Referee should decide whether reconsideration of her statement of decision is warranted.

The 1inMM Entities, for whom the Receiver was appointed to represent, and CNB agreed to the following alternative dispute provision in the CNB's Account Agreement:

> If your account is maintained at a branch in California and a dispute that involves the combined claims of all parties totaling $250,000 or more arises between us with respect to the deposit account or safe deposit box, this Agreement, its enforcement or our deposit account services, either of us may require that it be resolved by judicial reference in accordance with California Code of Civil Procedure, Sections 638, et seq. The referee shall be a retired judge, agreed upon by the parties or appointed by the court. The costs of the reference procedure, including the fee for the court reporter, shall be paid equally by all parties as the costs are incurred. The referee shall hear all pre-trial and post-trial matters, including requests for equitable relief, prepare an award with written findings of fact and conclusions of law, and apportion costs as appropriate. Judgment upon the award shall be entered in the court in which such proceeding was commenced and all parties shall have full rights of appeal.

Dkt. 16-5, Declaration of Michael Mallon, Exh. F at 156.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-5

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

The Receiver opposed CNB's motion to compel judicial reference pursuant to agreement between CNB and the 1inMM Entities. Dkt. 22. The Court considered the Receiver's opposition and nonetheless found that: (1) the 1inMM Entities "all entered into and agreed to be bound by the [judicial reference provision]"; (2) the Receiver "stands in the shoes of the 1inMM Entities" and thus "is also bound by the [judicial reference provision]"; (3) "all of the Receiver's claims arise out of the 1inMM Entities' accounts and agreement with CNB"; and (4) that the risk of inconsistent rulings and considerations of judicial economy in this case do not justify the Court exercising its discretion not to enforce the judicial reference agreement. See dkt. 30 at 8. Accordingly, the Court granted CNB's motion to compel judicial reference and stayed the proceeding pending resolution of the parties' dispute by a referee. Dkt. 30.

Then, pursuant to the parties' stipulation, the Court appointed Hon. Ann I. Jones (ret) ("Judge Jones" or the "Referee") as "an all-purpose judicial referee, pursuant to California Code of Civil Procedure § 638 *et seq.* to: [(a)] hear and determine all issues in this matter; and [(b)] prepare a statement of decision that will be filed with this Court, consistent with California Code of Civil Procedure §§ 644-45." Dkt. 33.

Here, the judicial reference agreement in the Account Agreement clearly states that "the referee shall hear all pre- trial and post-trial matters, including requests for equitable relief, prepare an award with written findings of fact and conclusions of law, and apportion costs as appropriate. Judgment upon the award shall be entered in the court in which such proceeding was commenced and all parties shall have full rights of appeal." Dkt. 16-5, Declaration of Michael Mallon, Exh. F at 156. The Court's appointment order was consistent with this agreement. The Receiver's repeated motions for this Court to review the Referee's decision *de novo* are essentially requests to transform the binding nature of the judicial reference process that the 1inMM Entities and CNB agreed to into an advisory proceeding that carries no weight at all. The Receiver does not cite to any law that suggests the Court may not enforce a judicial reference agreement where the referee's decision supplies the district's court's decision and are directly reviewable by appellate courts.

Contrary to the Receiver's contention, the enforcement of judicial reference agreements by federal courts, even where the referee supplies a binding statement of decision, does not violate the Constitution or create Article III dilemmas. See Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp., 673 F.3d 1267, 1272-73 (9th Cir. 2012) (denying interlocutory appeal of district court's order compelling judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-5

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

reference pursuant to Cal. Code Civ. Proc. § 638 as premature because the order compelling judicial reference does not put a party effectively "out of court," because both the decision to compel judicial reference and the merits of the final judgment are reviewable by the Court of Appeals after the district court enters final judgment). Indeed, other federal district courts have enforced similar judicial reference agreements. See, e.g., Unicom Sys., Inc. v. Fed. Deposit Ins. Corp., No. 2:23-CV-02507-WLH-RAO, 2024 WL 2425543 (C.D. Cal. May 14, 2024); Cnty. of Marin v. Deloitte Consulting LLP, No. C 11-00381 SI, 2011 WL 3903222 (N.D. Cal. Sept. 6, 2011); Quarles v. Twentieth Century Fox Film Corp., No. cv-058843-FMC-FMOX, 2006 WL 8428235 (C.D. Cal. May 5, 2006).

Pursuant to the Court's order appointing the Referee, dkt. 33, which incorporated the procedures of Cal. Code Civ. Proc. § 638 et seq., the Referee's decision is not merely an advisory opinion, but rather "must stand as the decision of the court." Cal. Code Civ. Proc. § 644(a). A Rule 60(b) motion for reconsideration does not provide an avenue for circumventing the judicial reference process.

The judicial reference process agreed to in the Account Agreement anticipates that a party may file "post-trial" motions such as the instant motion, but that such motions will be heard by the Referee. Dkt. 16-5, Declaration of Michael Mallon, Exh. F at 156. Therefore, the Court finds that the Receiver should have moved the Referee to reconsider her decision prior to the Court's entry of judgment. Alternatively, the Receiver may timely appeal the Court's judgment based on the Referee's decision. See "[W]e note that some states have instituted procedures that allow parties to select and compensate a private individual at the trial court level, that is, an arbitrator whose rulings are directly reviewed by appellate courts as if they were decisions of a trial court.") Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 408 (9th Cir. 2011) (citing Cal. Code Civ. Proc. § 638 et seq.).

But there is no legal basis for the Court to set aside the agreed-upon and court-compelled judicial reference process. If the Referee overlooked material facts or law, a motion for reconsideration should have been filed before the Referee so that she may have an opportunity to correct any errors.

Given that the Receiver lodged timely objections to the Referee's decision, see dkt. 112, and the Receiver asserts that her basis for the instant motion for reconsideration satisfies Local Rule 7-18, the Court finds that the Receiver should be afforded an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　JS-5

| Case No. | 2:24-cv-01317-CAS-PVCx | Date | February 26, 2026 |
|---|---|---|---|
| Title | MICHELE VIVES V. CITY NATIONAL BANK | | |

opportunity to ask the Referee to reconsider her decision before it is ultimately adopted as the decision of the Court, subject to appeal.  After reviewing the Court's tentative order, the Receiver confirmed that she elects to move the Referee for reconsideration rather than directly appeal at this stage.  Accordingly, the Court refers the Receiver's motion for reconsideration to the Referee to consider as part of the initial appointment order, dkt. 33.

Consequently, the Court vacates its judgment because, given the pending motion for reconsideration, the Referee's statement of decision is not final.  The Court is obligated to enter judgment based on the Referee's supplied final statement of decision.  See dkt. 121 at 3-6 (explaining that the Referee's decision in this case is binding).  The Receiver's alternative request that the Court's judgment be amended to clarify that the Receiver objected to the judicial reference process and to the Referee's statement of decision is moot.

### IV.   CONCLUSION

In accordance with the foregoing, the Court **ORDERS** Receiver Michele Vives to re-file her motion for reconsideration, dkt 127, before the Referee.  The Court **VACATES** its judgment, dkt. 126.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |